# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE HEDRON HOLDINGS, LLC, AS OWNER, AND TRITON DIVING SERVICES, LLC AS BAREBOAT CHARTERER AND OWNER *PRO HAC VICE* OF D/B EPIC HEDRON PETITIONING FOR EXONERATION FROM AND/ OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 2:22-cv-00205-GGG-DMD**<br><br>**SECTION: T**<br><br>**JUDGE: Greg Gerard Guidry**<br><br>**MAGISTRATE JUDGE: Dana M. Douglas**<br><br>Admiralty – Rule 9(h) |

## ANSWER TO COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY AND CLAIM BY PHARMA-SAFE INDUSTRIAL SERVICES, INC.

NOW INTO COURT, through undersigned counsel, comes Pharma-Safe Industrial Services, Inc. ("Pharma-Safe"), appearing herein to respond to the Complaint for Exoneration and/or Limitation of Liability filed by Hedron Holdings, LLC ("Hedron Holdings") and Triton Diving Services, LLC ("Triton"), and assert its own claim as follows:

### 1st DEFENSE:

The complaint fails to state a cause of action upon which relief may be granted.

### 2nd DEFENSE:

The complaint fails to state well pleaded facts or otherwise fails to sufficiently plead allegations establishing entitlement to relief under 46 U.S.C. Section 30501, *et seq*.

### 3rd DEFENSE:

And to the specific allegations of the complaint, Pharma-Safe responds as follows:

1.

Pharma-Safe admits that Hedron Holdings is a limited liability company organized under the laws of the State of Louisiana and has its principal place of business in Larose,

Louisiana, but denies the remaining allegations in paragraph 1 for lack of sufficient information.

2.

Pharma-Safe admits that Triton Diving Services, LLC, is a limited liability company organized under the laws of the State of Louisiana and has its principal place of business in Larose, Louisiana, but denies the remaining allegations in paragraph 2 for lack of sufficient information.

3.

The allegations of paragraph 3 are denied for lack of sufficient information.

4.

Pharma-Safe admits and agrees that venue is proper for the adjudication of all claims arising from the incidents alleged herein.

5.

With regard to paragraph 5, Pharma-Safe does not dispute the jurisdiction is proper as alleged.

6.

The allegations in paragraph 6 are denied for lack of sufficient information to justify a belief.

7.

Pharma-Safe admits that the D/B *EPIC Hedron* ("the *Hedron*") was working on the Outer Continental Shelf on Ship Shoal 198 prior to transport to Port Fourchon, but denies the remaining allegations in paragraph 7 for lack of sufficient information.

8.

The allegations in paragraph 8 are denied for lack of sufficient information to justify a belief.

9.

The allegations in paragraph 9 are denied for lack of sufficient information to justify a belief.

10.

The allegations in paragraph 10 are denied for lack of sufficient information to justify a belief.

11.

The allegations in paragraph 11 are denied for lack of sufficient information to justify a belief.

12.

The allegations in paragraph 12 are denied for lack of sufficient information to justify a belief.

13.

Pharma-Safe admits that Complainants filed the Limitation Complaint within six months of the incident involving the *Hedron*, but denies the remaining allegations of paragraph 13 for lack of sufficient information to justify a belief.

14.

The allegations in paragraph 14 are denied for lack of sufficient information to justify a belief.

15.

The allegations in paragraph 15 are denied.

16.

The allegations in paragraph 16 are denied for lack of sufficient information to justify a belief.

17.

The allegations in paragraph 17 are admitted as far as certain persons are alleging as stated, but the allegations are as to actual injuries are specifically denied.

18.

The allegations in paragraph 18 are admitted.

19.

With regard to the allegations of paragraph 19, Pharma-Safe is not involved in that particular litigation and is not in a position to admit or deny this particular paragraph.

20.

The allegations in paragraph 20 are admitted.

21.

With regard to the allegations of paragraph 21, Pharma-Safe is not involved in that particular litigation and is not in a position to admit or deny this particular paragraph.

22.

The allegations in paragraph 22 are admitted.

23.

With regard to paragraph 23, Pharma-Safe lacks sufficient information to determine potential claims as stated, but also asserts its own claim herein.

24.

The allegations in paragraph 24 are denied for lack of sufficient information to justify a belief.

25.

The allegations in paragraph 2 are denied for lack of sufficient information to justify a belief.

26.

The allegations in paragraph 26 are denied for lack of sufficient information to justify a belief.

27.

The allegations in paragraph 27 are denied for lack of sufficient information to justify a belief.

28.

The allegations in paragraph 28 do not pertain to Pharma-Safe, and, to the extent a response is required, are denied for lack of sufficient information to justify a belief.

29.

The allegations in paragraph 29 are denied.

30.

The allegations in paragraph 30 are denied.

31.

The allegations in paragraph 31 are denied.

32.

Pharma-Safe does not dispute the allegations in paragraph 32.

**4th DEFENSE:**

Pharma-Safe avers that it was in no way responsible for the incident in question.

**5th DEFENSE:**

Pharma-Safe avers that the incident in question was caused in whole or in part by the negligence of Complainants and/or its principals, its agents, servants, and/or employees, and/or was caused by the negligence or unseaworthiness of the *Hedron*.

**6th DEFENSE:**

Pharma-Safe further avers that the incident at issue was caused in whole or in part by the fault, acts, negligence or admissions of third parties or individuals, including but not limited to Stefan Mueller and Michael Cooper, for whom Pharma-Safe has no liability, such third parties or individuals being solely and/or concurrently at fault or negligent.

**7th DEFENSE:**

Pharma-Safe reserves the right to supplement or amend its answer and affirmative defenses and to assert any other rights, claims and defenses.

**CLAIM OF PHARMA-SAFE INDUSTRIAL SERVICES, INC.**

And now, further responding, Pharma-Safe asserts its claim as follows:

1.

On or about August 29, 2021, Pharma-Safe provided contract services to Triton and such services included work by Michael Cooper and Stefan Mueller aboard the *Hedron*.

2.

On or about August 29, 2021, Stefan Mueller and Michael Cooper were employees of Pharma-Safe and both claim that they were both injured in the course and scope of employment while aboard the *Hedron*.

3.

In the actions filed by Cooper and Mueller in Texas State Court against Pharma-Safe and other parties, Mueller and Cooper allege, *inter alia*, that Pharma-Safe is liable as a Jones Act employer and for the payment of maintenance and cure benefits.

4.

Pharma-Safe specifically denies that the workers were seamen as alleged and also denies any liability under the Jones Act or the General Maritime Law. Instead, Pharma-Safe would show that whatever damages, if any, sustained by those claimants were, to the extent the facts demonstrate, directly and proximately caused by the fault, negligence, or lack of due care of Triton, Hedron Holdings, and/or the negligence or unseaworthiness of the *Hedron* and/or the contributory negligence of Stefan Mueller and Michael Cooper, and/or the fault of third parties for whom Pharma-Safe is not legally responsible.

5.

To the extent that Triton and/or Hedron Holdings are found liable for the August 29, 2021 incident, Pharma-Safe seeks recovery for all damages incurred or that may be incurred by them as a result of the incident, including but not limited to reimbursement of maintenance and cure or Longshore & Harbor Workers' Compensation Act ("LHWCA") benefits paid or to be paid on behalf of Michael Cooper and/or Stefan Mueller.

6.

Furthermore, in the event that Pharma-Safe is held liable or otherwise responsible for the August 29, 2021 incident (such liability being expressly denied), than Pharma-Safe shall be entitled to a judgment against Triton and/or Hedron for contribution and/or indemnity for all damages incurred or that may be incurred by Pharma-Safe as a result of

the fault, negligence, and/or unseaworthiness attributable to Triton, Hedron Holdings, or the *Hedron*.

7.

Furthermore, to the extent that Pharma-Safe has no claim to recover past benefits, Pharma-Safe nevertheless asserts that all future maintenance and all future medical care or future benefits under the LHWCA should be the liability of Triton, Hedron Holdings, or the *Hedron*.

8.

To the extent that Talos Production, Inc., other Talos entities, or other third parties are also found liable for the incidents of August 29, 2021 and the damages that allegedly flow from that incident, Pharma-Safe seeks contribution indemnity from any such parties proportionate to their allocation of fault for any damages for which Pharma-Safe may be found liable under the Jones Act, General Maritime Law, Maintenance and Cure, or LHWCA.

9.

Pharma-Safe seeks a declaration from this Honorable Court that Michael Cooper and Stefan Mueller are not seamen as that term is understood and applied under the General Maritime Law or Jones Act. There is a present case and controversy concerning seaman status as to both claimants, and all such issues should be litigated in this forum because Texas lacks personal jurisdiction over Pharma-Safe with regard to claims by Michael Cooper and Stefan Mueller arising out of the incident made the basis of this lawsuit and/or Texas is an improper venue for those claims.

10.

Pharma-Safe seeks a declaration from this Honorable Court that all claims pertaining to the August 29, 2021 incident should be litigated in this court and not in the State of Texas where there is absolutely no connection to the incidents in question.

11.

Pharma-Safe also seeks a declaration from this Honorable Court that Michael Cooper and Stefan Mueller are not owed maintenance and cure. There is a present case and controversy concerning whether these claimants are owed maintenance and cure from Pharma-Safe and/or petitioners.

12.

Pharma-Safe sustained or may sustain in the future quantifiable damages in excess of the minimal jurisdictional limits of this Honorable Court.

WHEREFORE, premises considered, Pharma-Safe Industrial Services, Inc. respectfully requests that this answer be deemed good and sufficient and that after due proceedings there be judgment against Triton Diving Services, LLC, Hedron Holdings, LLC, and/or the D/B *EPIC Hedron*, denying limitation or exoneration, holding Triton, Hedron Holdings, or the D/B *EPIC Hedron* liable for the injuries claimed by Stefan Mueller and Michael Cooper, and requiring Triton,Hedron Holdings, or the *Hedron* to indemnify and/or reimburse Pharma-Safe for any and all maintenance and cure or LHWCA benefits paid to or on behalf of Stefan Mueller or Michael Cooper, requiring Triton and/or Hedron Holdings to assume liability for any and all future benefits, or otherwise denying seaman status to Stefan Mueller and Michael Cooper and denying the right to maintenance and cure or any other relief as to Pharma-Safe under the Jones Act

or the General Maritime Law, and for all further just and equitable relief Pharma-Safe may show itself entitled.

                      Respectfully submitted:
                      LeBAS LAW OFFICES,
                      (A Professional Law Corporation)

                      */s/ Henry H. LeBas*

                      _____
                      HENRY H. LEBAS   #23185
                      TODD A. DELCAMBRE #23710
                      LeBas Law Offices, APLC
                      2 Flagg Place, Suite 1
                      Lafayette, Louisiana 70508
                      Telephone: 337-236-5500
                      Facsimile: 337-236-5590
                      Email: hlebas@lebaslaw.com
                      Email: todddelcambre@lebaslaw.com
                      *Counsel for Pharma-Safe Industrial Services, Inc.*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 16th day of March, 2022 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties through counsel of record by operation of the court's electronic filing system.

                */s/ Henry H. LeBas*
        _____
                HENRY H. LEBAS