UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN ADMIRALTY

| | |
|---|---|
| IN RE HEDRON HOLDINGS, LLC, AS OWNER, AND TRITON DIVING SERVICES, LLC AS BAREBOAT CHARTERER AND OWNER *PRO HACE VICE* OF D/B EPIC HEDRON PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-205<br><br>SECTION M (4) |

ANSWER AND AFFIRMATIVE DEFENSES AND CLAIMS OF EVAN PLYBON, MICHAEL COOPER, MARK ADKINS, SEAN VARNADO, ROBERTO QUEZADA, CARLOS QUEZADA, ANDRES CORONA, LAMARR LEWIS, DARREN WALKER, STEFAN MUELLER, NERO DAVIS, GRANT LUKE, PETER LITTLE, RONNIE MATHERNE, BOBBY NELTON, AND JEREMY McGUIRE

Claimants EVAN PLYBON, MICHAEL COOPER, MARK ADKINS, SEAN VARNADO, ROBERTO QUEZADA, CARLOS QUEZADA, ANDRES CORONA, LAMARR LEWIS, DARREN WALKER, STEFAN MUELLER, NERO DAVIS, GRANT LUKE, PETER LITTLE, RONNIE MATHERNE, BOBBY NELTON, and JEREMY McGUIRE ("Claimants") file this Answer, Affirmative Defenses, and Claims in response to Plaintiffs/Petitioners Hedron Holdings, LLC and Triton Diving Services, LLC's ("Petitioner") Complaint for Exoneration From or Limitation of Liability (Doc. #1) and upon information and belief, state as follows:

**ANSWER**

1.  The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2. The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3. The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Complaint are denied. Claimants contend that venue is improper under Rule F(9) because the first-filed cases are in Harris County, Texas. All litigation was consolidated in the Southern District of Texas in front of the Honorable Lee H. Rosenthal. Claimants contend that under Rule F(9) venue is proper in Texas and improper in this Court.

5. The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein. Claimants further contend that Petitioner is not entitled to limiting its liability.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8. The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraph 11 of the Complaint are admitted that there was damage to the vessel. The allegations, however, are denied as to the extent of the damage.

12. The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

15. The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

16. The allegations contained in Paragraph 16 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

17. The allegations contained in Paragraph 17 of the complaint are admitted.

18. The allegations in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19. The allegations in Paragraph 19 of the Complaint are admitted.

20. The allegations in Paragraph 20 of the Complaint are admitted.

21. The allegations in Paragraph 21 of the Complaint are admitted.

22. The allegations in Paragraph 22 of the Complaint are admitted.

23. The allegations in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein. The fact that Evan Plybon, Michael Cooper, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobby Nelton, and Jeremy McGuire have

claims at this time is admitted. Claimants do not know of the other parties that may or may not have claims at this time.

24.     The allegations in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.     The allegations contained in Paragraph 25 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants.  However, if response be deemed necessary, said allegations are denied. Claimants further specifically deny the adequacy of the valuation of the D/B EPIC HEDRON and/or the other vessels in its flotilla as asserted by Petitioner.  Claimants further re-urge their prior objection to Petitioners failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Claimants further deny the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of its interest in the D/B EPIC HEDRON and/or other vessels in its flotilla and hereby makes demand for Petitioner to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid.

26.     The allegations contained in Paragraph 26 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants.  However, if response be deemed necessary, said allegations are denied. Claimants further specifically deny the

adequacy of the valuation of the D/B EPIC HEDRON's pending freight at the time of the subject voyage and Incident. Claimants further re-urge their prior objection to Petitioner's failing to include any insurance proceeds, and any sums received or which may be received by Petitioner from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioner.

27. The allegations contained in Paragraph 27 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied. Claimants further specifically deny the adequacy of the valuation of the D/B EPIC HEDRON and/or the other vessels in its flotilla as asserted by Petitioner. Claimants further re-urge their prior objection to Petitioner's failing to include any insurance proceeds, and any sums received or which may be received by Petitioner from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioner. Claimants further deny the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of its interest in the D/B EPIC HEDRON and hereby makes demand for Petitioner to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid.

28. The allegations in Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29. The allegations contained in Paragraph 29 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

30. The allegations contained in Paragraph 30 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

31. The allegations contained in Paragraph 31 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied.

32. The allegations contained in Paragraph 32 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimants. However, if response be deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

33. Claimants deny any relief or factually statements made by Petitioners in their prayer (paragraphs 1-6).

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### **SECOND DEFENSE**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Honorable Court lacks personal jurisdiction over Claimants.

### **THIRD DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**FOURTH DEFENSE**

Claimants assert the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**SIXTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SEVENTH DEFENSE**

7

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the D/B EPIC HEDRON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

### EIGHTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the D/B EPIC HEDRON and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

### NINTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

### TENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

### ELEVENTH DEFENSE

The events culminating in the injuries of Claimants were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible, and/or the unseaworthiness of the D/B EPIC HEDRON and/or other vessels within the flotilla under

common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

### TWELFTH DEFENSE

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on the part of Claimants or those for whom they may be responsible.

### THIRTEENTH DEFENSE

Claimants further allege that there was insurance coverage on the D/B EPIC HEDRON insuring Petitioner in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### FOURTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FIFTEENTH DEFENSE

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**SIXTEENTH DEFENSE**

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried to a jury in the court of their choosing.

**SEVENTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**EIGHTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the D/B EPIC HEDRON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**NINETEENTH DEFENSE**

Petitioner's Complaint does not affect Claimants' right to maintenance and cure. Thus, Petitioner's liability to Claimants, if any, for their intentional, willful, arbitrary, and capricious refusal to provide Claimants maintenance and cure is not limited to the value of any of its vessels.

### TWENTIETH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioner.

### TWENTY-FIRST DEFENSE

Petitioner is not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

### TWENTY-SECOND DEFENSE

Claimants reserve the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioner was negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioner. All other fact issues shall be decided in a court and/or forum of Claimants' choosing as is Claimants' rights under the Saving to Suitors clause and the Jones Act.

### TWENTY-THIRD DEFENSE

Claimants object to venue in this Court under Rule 9(F). Venue was proper in Texas, where the first-filed lawsuits were filed.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors

clause, 28 U.S.C. §1333, and all state law remedies, Claimants, file their Claim in the Complaint for exoneration from or limitation of liability of, and state that:

## CLAIM

1. Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim. Moreover, Claimants all suffered serious injuries as a result of Petitioner's negligence when the D/B EPIC HEDRON improperly went to Port Fourchon with Hurricane Irma approaching, the D/B EPIC HEDRON was improperly secured. At the time of the collision, Claimants were all members of the crew on the D/B EPIC HEDRON and were all contributing to and aiding the D/B EPIC HEDRON in accomplishing its mission while the D/B EPIC HEDRON was on navigable waters.

### *Factual Allegations*

2. Claimants were Jones Act seamen assigned to the D/B EPIC HEDRON. At all relevant times, Plaintiffs were members of the crew and were contributing to the mission of the D/B EPIC HEDRON. At all relevant times, the D/B EPIC HEDRON was a vessel in navigation upon navigable waters.

3. A few days before August 29, 2021, it became known that that the D/B EPIC HEDRON was in the direct path of Hurricane Ida while docked in Port Fourchon, Louisiana. Knowing the threat of Hurricane Ida was imminent, the Captain of the D/B EPIC HEDRON asked Plaintiff and other members of the crew to remain on board.

4. Despite multiple advisory warnings that a life-threatening storm was coming, the Captain of the D/B EPIC HEDRON took no action to evacuate Claimants and other members of the crew. Within a few hours, Hurricane Ida made landfall and the D/B EPIC HEDRON was detached from the port. Without power, the *T* D/B EPIC HEDRON drifted into the Gulf of Mexico

in the hurricane.

5. Eventually, after going through seas of a category four hurricane and nearly capsizing, the crew onboard were able to gain control of the vessel and make its way back to shore.

6. This entire event caused by Petitioners' actions has caused Claimants' physical injuries, severe mental anguish, and emotional distress from which Claimants will likely never recover from and has left them unable to work offshore again. The life threatening and dangerous sea state caused the D/B EPIC HEDRON to yaw and pitch uncontrollably, tossing around Claimants and other members of the crew for almost three hours. As a result, Claimants suffered severe mental and physical injuries, including injuries to his head, neck, back and legs. Indeed, Claimants were in a zone of physical and mental danger for an extended period of time, which has left them physically and mentally unable to work offshore or lead the normal lives they had before.

*Negligence, Unseaworthiness, and Maintenance and Cure*

7. Claimants repeat, re-allege, and incorporate the paragraphs above, as if stated herein and further allege:

8. Claimants bring claims against the Petitioner under the Jones Act and general maritime law for negligence.

9. Petitioner was negligent and caused the underlying incident in the following ways:

   a. Failing to control the D/B EPIC HEDRON;

   b. Failing to keep the D/B EPIC HEDRON maintained in an adequate manner;

   c. Failing to operate the D/B EPIC HEDRON in a reasonable and safe manner based on the circumstances;

   d. Failing to properly secure the D/B EPIC HEDRON;

  e. Failing to warn the crew of the D/B EPIC HEDRON, including Claimants, of the impending danger of staying onboard during the hurricane;

  f. Failing to take adequate steps to avoid the hurricane;

  g. Failing to take adequate steps to help rescue the crew of the D/B EPIC HEDRON during the hurricane;

  h. Failing to train the crew of the D/B EPIC HEDRON on how to operate a vessel in a safe manner;

  i. Failing to investigate the incident;

  j. Failing to operate the D/B EPIC HEDRON safely given the circumstances;

  k. Other acts deemed negligent.

10. At all relevant times the Petitioners owned and/or operated the D/B EPIC HEDRON.

11. At all relevant times, the D/B EPIC HEDRON was unseaworthy. Specifically, without limiting the reasons that the D/B EPIC HEDRON was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

12. The unseaworthiness of the D/B EPIC HEDRON was a direct cause of Claimants' injuries.

13. Under the Jones Act and general maritime law Petitioner had the duty to act as a reasonable person would in similar situations. Petitioner breached this duty in the aforementioned ways. Petitioner's breach of its duty of care under the general maritime law caused sever injuries to Claimants. This in turn caused Claimants to suffer significant damages.

14. Additionally, Petitioner's conduct was reckless and placed the crew of the D/B EPIC HEDRON at substantial risk of serious injury or death. The conduct of Petitioner was reckless and Petitioner consciously disregarded the safety of the crew of the D/B EPIC HEDRON.

15. Petitioner is liable under the theories of agency and *respondeat superior* for all acts or omissions by its employees or contractors as set forth throughout this Answer and Claim.

16. As a Jones Act seaman, Claimants are entitled to maintenance and cure as a result of the injuries they sustained in the underlying incident. Claimants sustained his injuries while in the course of serving the vessel in their capacity as a Jones Act seaman assigned to the D/B EPIC HEDRON.

17. Petitioners have a legal duty to pay maintenance and cure to Claimants.

18. Petitioners have failed to pay Claimants' maintenance and cure. Petitioners have either not paid the owed maintenance and cure or has unreasonably and arbitrarily withheld the payment of maintenance and cure. Petitioners have failed to provide Claimants with maintenance and cure despite knowing of Claimants' injuries that occurred during their work for on the D/B EPIC HEDRON.

19. Additionally, the Petitioners' decision to not pay maintenance and cure has been unreasonably, arbitrarily, and willful, and thus entitles Claimants to punitive damages for the Petitioners' failure to honor their maintenance and cure obligations.

20. As a direct and proximate result of Petitioners' conduct, Claimants sustained severe injuries. Petitioners are liable to Claimants for the following damages:

    a.    Past physical pain and suffering;

    b.    Past mental pain, suffering, and anguish;

    c.    Past lost wages;

      d.      Loss of future earning capacity;

      e.      Loss of fringe benefits;

      f.      Loss of services and support;

      g.      Maintenance;

      h.      Cure;

      i.      Punitive damages for the arbitrary failure to pay maintenance and cure;

      j.      Loss of nurture, guidance, care, and instruction;

      k.      Disfigurement and disability;

      l.      Loss of enjoyment of life;

      m.      All other damages recoverable under law.

21.      Claimants pray that after due proceedings are had that:

      a.      The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

      b.      Alternatively, Petitioner be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

    c.    There be judgment rendered herein in favor of Claimants, and against Petitioner, jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

    d.    Claimants be allowed to proceed and prosecute their Claims without pre-payment of costs; and,

    e.    For all such other and further relief to which Claimants may be entitled under law and in equity.

22. Claimants demand a trial by jury. *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: March 17, 2022.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Roland Christensen*

Roland Christensen, Roll #37440
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR CLAIMANTS**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on March 17, 2022, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

                                             */s/ Roland Christensen*
                                             Roland Christensen