**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE HEDRON HOLDINGS, LLC, AS OWNER, AND TRITON DIVING SERVICES, LLC AS BAREBOAT CHARTERER AND OWNER *PRO HAC VICE* OF D/B EPIC HEDRON PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-205<br><br>SECTION "T" (3) |

**ORDER AND REASONS**

Before the Court is a Motion for Leave to File an Answer and Claim Beyond the Deadline (Rec. Doc. No. 18), filed by claimants, Energy XXI GOM, LLC, EPL Oil & Gas, LLC and Arena Energy, LLC ("Claimants"). Petitioners have contacted the Court to state they have no opposition to the instant motion. Having considered the applicable law and brief filed by the Claimants, the Court rules as follows.

**I. BACKGROUND**

This case was filed on January 28, 2022, as a cause of exoneration from or limitation of liability as to Hedron Holdings, LLC, and Triton Diving Services, LLC, ("Petitioners") as bareboat charterer and owner pro hac vice of the Derrick Barge EPIC HEDRON ("HEDRON" or "the Vessel"). (Rec. Doc. No. 1). Prior to the incident that is the subject of these proceedings, the HEDRON was on charter to Talos Production, Inc., for an offshore decommissioning project. *Id*. at 3. On August 26, 2021, the HEDRON raised its anchors and began to travel under tow from offshore platform SS198G to Port Fourchon, where it sought safe harbor to pass the effects of Hurricane Ida. *Id*. The Vessel moored at Port Fourchon on the afternoon of August 27, 2021 and prepared for the approaching storm. *Id*. Persons aboard the HEDRON were given the option to

1

stay onboard or leave the vessel and evacuate the area. *Id*.

On August 29, 2021, the HEDRON remained moored at the Triton Fourchon Marine Base in Port Fourchon, Louisiana, but starting at 10:30 a.m., the HEDRON began to break free from the mooring under the hurricane-force winds and tidal surge from the northeast. *Id*. A tug attempted to assist the HEDRON, but was unsuccessful, and the Vessel drifted into Bayou Lafourche and through the jetties before the storm anchor could be deployed. *Id*. After the storm anchor was deployed, the Vessel came to a stop in South Timbalier Block 21 and remained secured thereafter until September 11, 2021, while it underwent repairs before moving to another platform. *Id*. at 3-4.

Claimants filed the instant motion on May 12, 2022, seeking leave to file an answer and claim beyond the March 17, 2022 deadline in the Order Approving Letters of Undertaking, Directing Issuance of Notice, and Restraining Prosecution of Claims.[1] (Rec. Doc. No. 3). Claimants allege that on August 29, 2021, they sustained property damage to oil and gas pipelines that they own and/or use on the Gulf of Mexico Outer Continental Shelf. *Id*. at 1. After investigating the damage to the pipelines, Claimants allege that they became aware of facts that suggest the damage may be related to the unmooring of the HEDRON during Hurricane Ida. *Id*. at 1-2.

Petitioners mailed notice of the limitation action to seventeen parties they identified as having claims related to the incident at issue, and published notice in the *Times Picayune/New*

---

[1] "(4) A notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Verified Complaint seeks limitation, admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for the Petitioners a copy thereof on or before the **17th day of March, 2022**, or be defaulted, and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of, liability, the claimant shall file and serve on attorneys for Petitioners an answer to the Verified Complaint on or before the said date, unless his claim has included an answer to the Verified Complaint, so designated, or be permanently defaulted." (Rec. Doc. No. 3, p. 3) (emphasis in original).

*Orleans Advocate* on February 11, 2022, February 18, 2022, February 25, 2022, March 4, 2022, and March 11, 2022. (Rec. Doc. No. 18-1, p. 2). Claimants contend that they were not identified as claimants in the complaint, nor did they receive actual notice of the proceeding from Petitioners. *Id*. Claimants contend that they learned of the matter on May 10, 2022 and acted promptly to file their claims. *Id*. at 3.

The Scheduling Order sets a discovery deadline of January 9, 2023, and a trial date of March 13, 2023. (Rec. Doc. No. 17). On June 1, 2022, Petitioners filed a Motion for Default Judgment (Rec. Doc. No. 21) for entry of default against any and all parties who have not yet sought to file a claim in these proceedings. In this motion, Petitioners state that "one additional claim (Doc. 18) was filed thereafter and is unopposed for reasons specific to that claim." (Rec. Doc. No. 21, p. 1).

## II. LAW AND ANALYSIS

Supplemental Admiralty Rule F(4) provides that the Court may "enlarge the time within which claims may be filed" for "cause shown." *Crescent Towing & Salvage v. M/V Jalma Topic*, Civ. A. No. 21-1331, 2021 WL 5919505, at *1 (E.D. La. Dec. 15, 2021). The Fifth Circuit has held that courts should consider the following factors when determining whether such cause exists: "(1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reason for filing late." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). "[R]elief from a tardy claim is not a matter of right. It depends on an equitable showing." *Id*. (quoting *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963)).

The first factor weighs in favor of allowing the late claim as the proceeding is pending and

no final determination has been made on any issue. In addition, discovery remains open and ongoing with ample time remaining before the January 9, 2023 discovery deadline. Claimant contends, and this Court agrees, that the proceeding is in its earliest stages, with a Scheduling Order issued just days before the instant motion was filed. (Rec. Doc. No. 18-1, p. 5).

The second factor also weighs in favor of allowing the late claim as the rights of the parties will not be adversely affected by the addition of this claim. The claim was filed within two months of the filing deadline, and no order of default precluding claims filed after the deadline has been entered. Petitioners affirmatively state that they have no opposition to the instant claim. Further, Claimants note that the "magnitude of each claim and the rights and defenses associated with each claim are undetermined at this time… it would be premature for any of the existing claimants to contend that their respective portion of the limitation fund might be diminished" should the motion be granted. (Rec. Doc. No. 18-1, p. 5). As stated above, this case is in the early stages, with no final determination of liability or allocation of fault that a new claim would disrupt.

The third factor, the reason for late filing, also weighs in favor of allowing the late claim. Claimants contend they did not receive actual notice of this proceeding and acted promptly, filing the instant motion within two days of learning of this proceeding. (Rec. Doc. No. 18-1, p. 5). In *Crescent Towing*, a court in this district recently determined that filing the motion for leave two days after receiving notice of the limitation proceeding after being unaware of the limitation action or filing deadline weighed in favor of allowing the late claim. *Crescent Towing*, 2021 WL 5919505, at *2. Likewise, here, the Court is satisfied with Claimants' reasoning.

Thus, because these proceedings are in their early stages, no prejudice will result from allowing the claim, and Claimants acted expeditiously in filing this motion, the Court finds the

balance of equities weighs in favor of allowing the filing of the late claim.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to File an Answer and Claim Beyond the Deadline** (Rec. Doc. No. 18) is **GRANTED**. The attached Answer to Complaint in Limitation and Claim of Energy XXI GOM, LLC; EPL Oil & Gas, LLC and Arena Energy, LLC shall be filed into the record.

**IT IS FURTHER ORDERED** that the oral hearing scheduled for June 8, 2022 (Rec. Doc. No. 20) is **CANCELLED**.

New Orleans, Louisiana, this 6th day of June, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**