UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE HEDRON HOLDINGS, LLC, *ET AL.* | CIVIL ACTION NO. 22-205<br><br>SECTION: "T" (3)<br><br>JUDGE GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE DANA DOUGLAS<br><br>APPLIES TO NO. 22-205 |

**PETITIONERS' RESPONSE/ANSWER TO CLAIMS
AND TENDER OF CLAIMS UNDER RULE 14(C)**

NOW INTO COURT, through undersigned counsel, come Petitioners in Limitation, Triton Diving Services, LLC and Hedron Holdings, LLC ("Petitioners"), who file this Response/Answer to the various claims filed herein by Pharma-Safe Industrial Services, Inc. ("Pharma-Safe," Doc. 5); Talos Production, Inc., Talos Energy, LLC, and Talos Energy Operating Company, LLC ("Talos," Doc. 6); Evan Plybon, Michael Cooper, Mark Adkins, Sean Varnado, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire ("Personal Injury Claimants," Doc. 7); and Energy XXI GOM, LLC, EPL Oil and Gas, LLC, Arena Energy, LLC, and Cox Operating, LLC ("Energy XXI," Doc 23); (all parties having asserted claims herein collectively referred to as "Claimants"). Petitioners further tender to third-party defendants, pursuant to Federal Rule of Civil Procedure 14(c), the claims made in Doc 7, as certain Personal Injury Claimants have previously filed related claims for the same damages against parties other

than Petitioners in state court in Texas, as described herein, and further respond:

### FIRST DEFENSE

For answer and in response to the enumerated allegations in the various claims identified above, Petitioners deny any and all liability to any party and deny every allegation and claim unless it is specifically admitted herein:

**Pharma-Safe**

In response to the Answer to Complaint for Exoneration from and/or Limitation of Liability and Claim filed herein by Pharma-Safe Industrial Services, Inc. ("Pharma-Safe") set forth in Doc. 5, Petitioners allege and aver as follows:

1. The allegations of paragraph 1 are denied as written; Petitioners show that any contract is the best evidence of its contents.

2. The allegations of paragraphs 2 and 3 are admitted.

3. The allegations of paragraph 4 are denied as to Petitioners' fault, the unseaworthiness allegation, and causation allegation. All other allegations of paragraph 4 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

4. The allegations of paragraphs 5 and 6 are denied.

5. The allegations of paragraphs 7 and 8 constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are denied.

6. The allegations of paragraphs 9, 10, and 11 constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are admitted.

7. The allegations of paragraph 12 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

**Talos**

In response to the Answer, Affirmative Defenses and Claim filed herein by Talos Production, Inc., Talos Energy, LLC, and Talos Energy Operating Company, LLC ("Talos") set forth in Doc. 6, Petitioners allege and aver as follows:

8. The allegations of paragraphs I, II, III, and XII are admitted.

9. The allegations of paragraph IX are admitted, except that the last sentence of paragraph IX is denied as written.

10. The allegations of paragraphs IV, X, XI, XIX, and XXIII are denied as written.

11. The allegations of paragraphs XX, XXI, and XXII are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

12. The allegations of paragraphs V, VI, VII, XVI, XVII, and XXIV are denied as written; Petitioners admit the existence of the MSA but show that the contract is the best evidence of its contents.

13. The allegations of paragraph VIII are admitted regarding the maritime nature of the contract and essential nature of the vessels, but otherwise denied as written; Petitioners admit the existence of the MSA but show that the contract is the best evidence of its contents.

14. Responding to the allegations of paragraph XIII, Petitioners admit the refenced lawsuits have been filed by the parties identified, and that such cases were removed from Texas state court to federal court in Texas, and that such cases are presently stayed, but deny the remainder of the allegations as written and show that the referenced lawsuits and court records are the best evidence of the procedural history of those cases.

15. The allegations of the first two sentences of paragraph XIV are denied as written except to

admit that claimants had the choice to stay or leave the vessel; the remainder of paragraph XIV is admitted.

16. The allegations of paragraph XV are denied.

17. The allegations of paragraph XVIII regarding Mr. McGuire are admitted; the remainder of paragraph XVIII is denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

18. The allegations of paragraphs XXV and XXVI constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are denied as written.

**Personal Injury Claimants**

In response to the Answer and Affirmative Defenses and Claims filed herein by Evan Plybon, Michael Cooper, Mark Adkins, Sean Varnado, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire ("Personal Injury Claimants") set forth in Doc. 7, Petitioners allege and aver as follows:

19. The allegations of paragraphs 1, 3, 4, 5, 6, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 are denied.

20. The allegations of paragraph 2 are denied except to admit the vessel status alleged in the final sentence.

21. In response to paragraph 7, Petitioners deny all liability and repeat, re-allege and incorporate Petitioners' prior respective responses to the Personal Injury Claimants' prior respective statements.

22. The allegations of paragraphs 8 and 22 constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are denied.

23. The allegations of paragraph 10 are admitted.

24. The allegations of paragraph 21 constitute a prayer for relief and require no answer, but should the Court require an answer, Petitioners deny the Personal Injury Claimants' right to any of the relief sought.

**Energy XXI**

In response to the Answer to Complaint in Limitation and Claim filed herein by Energy XXI GOM, LLC, EPL Oil and Gas, LLC, Arena Energy, LLC, and Cox Operating, LLC ("Energy XXI") set forth in Doc. 23, Petitioners allege and aver as follows:

25. The allegations of paragraph 3.1 constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are denied as written.

26. The allegations of paragraph 3.2 are denied except to admit the jurisdiction of this Court.

27. The allegations of paragraph 3.3 constitute conclusions of law for which no answer is required, but should the Court require an answer, the same are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

28. The allegations of paragraphs 3.4, 3.5, and 3.6 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

29. The allegations of paragraph 3.7 are denied as written.

30. The allegations of paragraphs 3.8 and 3.9 are admitted.

31. The allegations of paragraphs 3.10, 3.11, 3.12, 3.13, 3.14, 3.15, and 3.16 are denied.

## SECOND DEFENSE

Petitioners re-assert the claims set forth in their Verified Complaint for Exoneration from and/or Limitation of Liability (Doc. 1) as if set forth herein, particularly including the right to limitation of liability under the provisions of Title 46 U.S.C. §30501 et. seq.

### THIRD DEFENSE

Petitioners show that at all times the vessel was seaworthy, tight, staunch, strong, properly manned, provided with all necessary stores, and fit for service in all respects.

### FOURTH DEFENSE

The Claimants' alleged injuries and damages, if any, were caused or occasioned by their own fault and neglect, all of which is pled in bar to or in diminution of his claim for recovery herein.

### FIFTH DEFENSE

Alternatively, the Claimants' alleged injuries and damages, if any, were caused or occasioned by the fault or neglect of third parties for whom Petitioners are not legally responsible. Petitioners reserve the right to tender third parties as defendants to Claimants' claims.

### SIXTH DEFENSE

Further in the alternative, the Personal Injury Claimants' alleged injuries and damages, if any, were caused or occasioned by the usual and ordinary risks of their employment and/or by other known and open and obvious risks, which the Personal Injury Claimants voluntarily assumed.

### SEVENTH DEFENSE

Claimants have failed to mitigate their alleged damages.

### EIGHTH DEFENSE

Alternatively, Claimants' alleged injuries and damages either pre-existed or post-dated the alleged incident described in the Claims and were not caused by or aggravated by the alleged incident.

**NINTH DEFENSE**

In the event state law applies, any alleged liability of Petitioners is not solidary but divisible from the liability of other parties.

**TENTH DEFENSE**

Petitioners are not liable for any negligence of any independent contractor that may have caused injury or damage to Claimants.

**ELEVENTH DEFENSE**

Petitioners reiterate all matters set forth in their Verified Complaint for Exoneration from and/or Limitation of Liability (Doc. 1) to the extent such allegations constitute affirmative defenses, and further affirmatively plead the defenses contained in Federal Rule of Civil Procedure 8(c)(1) to the extent each may apply to the facts that are revealed in discovery, including accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; comparative fault; duress; estoppel; failure of consideration; fraud, illegality; injury by fellow servant; set-off; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

**TENDER OF PERSONAL INJURY CLAIMS**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 14(C)**

AND NOW, based upon allegations previously made by certain of the Personal Injury Claimants through their current counsel in pleadings filed in state court in Texas, Petitioners in Limitation, Triton Diving Services, LLC and Hedron Holdings, LLC, as defendants to the claims brought by the Claimants, pursuant to Federal Rule of Civil Procedure 14(c), tender the claims of the Personal Injury Claimants to third party defendants who may be wholly or partly liable for the claims asserted by the Personal Injury Claimants, either directly or in contribution or under

contractual indemnity agreements, as follows:

1.

Made third-party defendants herein under Rule 14(c) (and hereafter referred to as the "Third-Party Defendants") are the following:

    A. Pharma-Safe Industrial Services, Inc. ("Pharma-Safe"), a Louisiana corporation with its principal place of business in Lafayette Parish, Louisiana;

    B. Talos Energy, LLC ("TE"), a limited liability company organized under the laws of Delaware with its principal place of business in the State of Texas, authorized to do and doing business within the State of Louisiana and the physical jurisdiction of this Court;

    C. Talos Energy Operating Company, LLC ("TEOC"), a limited liability company, authorized to do and doing business within the State of Louisiana and the physical jurisdiction of this Court;

    D. C&G Welding, Inc. ("C&G"), a Louisiana Corporation authorized to do and doing business within the State of Louisiana and the physical jurisdiction of this Court; and

    E. Rusco Operating, LLC ("Rusco") a Delaware LLC with its principal place of business in the State of Texas, authorized to do and doing business within the State of Louisiana and the physical jurisdiction of this Court.

2.

This Court has subject matter jurisdiction of the Rule 14(c) tender as an admiralty and maritime claim under 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Venue is proper in this Court under 28 U.S.C.A. §1391(b)(2) and Supplemental Admiralty

Rule F.

4.

Based upon pre-existing contractual agreements, Pharma-Safe owes a defense and indemnity to Petitioner Triton relative to the claims of Pharma-Safe employees Mark Adkins, Michael Cooper, and Stefan Meuller.

5.

Based upon pre-existing contractual agreements, C&G owes a defense and indemnity to Petitioner Triton relative to the claims of C&G employees Sean Varnado, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Derek Walker, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, and Bobby Nelton.

6.

Based upon pre-existing contractual agreements, Rusco owes a defense and indemnity to Petitioner Triton relative to the claims of Evan Plybon, a Rusco employee.

7.

Petitioners show that individual claimants herein Evan Plybon, Michael Cooper, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire have filed suit against Triton in Texas state court (the "Texas Suits," which have since been removed to federal court in Texas and are presently stayed by this Court's order), and in each suit have named additional parties as defendants, including Third-Party Defendants herein Pharma-Safe, TE, TEOC, and C&G.

8.

The Texas Suits are attached hereto as Exhibits A-D.  While Petitioner contests the

allegations in the Texas Suits, those allegations are the basis for this tender of the Third-Party Defendants to the Personal Injury Claimants under Rule 14(c), and all of the claims in the Texas Suits arise out of the same transaction or occurrence as the Incident described in the Verified Complaint (Doc. 1) that is the basis of this Limitation of Liability action. Pharma-Safe, TE, TEOC, and C&G are each alleged in one or more of the Texas Suits to have been responsible for negligence on the vessel that led to the injuries to Evan Plybon, Michael Cooper, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire.

9.

In the Texas Suits, claimant Evan Plybon is alleged to be an employee of TE and/or Triton, both of whom are alleged to have committed numerous acts of employer negligence resulting in injuries. (Ex. B, Plybon suit.) In fact, Mr. Plybon was employed by Rusco Operating, LLC., such that Rusco is made a Third-Party Defendant herein based on allegations of injury-causing negligence by Plybon's employer.

10.

Claimants Mark Adkins and Sean Varnado have not filed suit in state court, to Petitioners' knowledge. Mr. Adkins is an employee of Pharma-Safe and Mr. Varnado is an employee of C&G, each of whom is alleged in the Texas Suits to have committed acts of negligence resulting in injury on the vessel.

11.

Based upon the allegations in the Texas Suits, and pursuant to Rule 14(c), Petitioners hereby tender Pharma-Safe Industrial Services, Inc., Talos Energy, LLC, Talos Energy Operating Company, LLC, C&G Welding, Inc., and Rusco Operating, LLC as Third-Party Defendants to the

claims of Personal Injury Claimants Evan Plybon, Michael Cooper, Mark Adkins, Sean Varnado, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire. Petitioners show that the Third-Party Defendants should be required to appear and answer the claims of the Personal Injury Claimants as if the claims had been brought directly by the Personal Injury Claimants against the Third-Party Defendants, pursuant to Rule 14(c)(2).

**WHEREFORE**, Petitioners reiterate by reference the prayer in their original Verified Complaint for Exoneration from and/or Limitation of Liability (Doc. 1), including their prayer that this Court adjudge that Petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the Incident, or for any claim therefor in any way arising out of or resulting from the Incident; that alternatively, if Petitioners be adjudged liable, that such liability be limited to the amount or value of Petitioners' interest in the D/B EPIC HEDRON and her pending freight at the end of the voyage on which she was engaged at the time of the Incident, and that Petitioners be discharged therefrom upon the surrender of such interest, as previously prayed, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; Petitioners further pray in response to the various Claimants' claims that that there be judgment rendered in favor of Petitioners and against Claimants after due proceedings, dismissing all of Claimants' claims with prejudice, at Claimants' cost;

Petitioners further pray for judgment in their favor and against Pharma-Safe Industrial Services, Inc., C&G Welding, Inc., and Rusco Operating, LLC, for sums incurred in defense of the respective Personal Injury Claimants' claims herein, as well as for indemnity against any damages assessed against Triton that are subject to the pre-existing contractual defense and

indemnity agreements described herein;

Petitioners further pray that the claims of the Personal Injury Claimants Evan Plybon, Michael Cooper, Mark Adkins, Sean Varnado, Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobbie Nelton, and Jeremy McGuire be tendered to Pharma-Safe Industrial Services, Inc., Talos Energy, LLC, Talos Energy Operating Company, LLC, C&G Welding, Inc., and Rusco Operating, LLC as third-party defendants under Rule 14(c), and that such third-party defendants be required to answer and defend against the claims of said Personal Injury Claimants and that the action proceed as if the Personal Injury Claimants had sued said Third-Party Defendants, such that this Court may determine the validity of any claims the Personal Injury Claimants have asserted or which may be asserted against the Third-Party Defendants and that judgment may be had by the Personal Injury Plaintiffs against the Third-Party Defendants; and

Petitioners further pray for such other legal, general, special, equitable and declaratory relief which may be appropriate herein.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**

 /s/ Dewey Scandurro
DEWEY SCANDURRO, Bar #23291, T.A.
TIMOTHY D. SCANDURRO, Bar #18424
JEAN-PAUL LAYRISSON, Bar #20917
607 St. Charles Avenue
New Orleans, LA  70130
Telephone:    (504) 522-7100
Facsimile:      (504) 529-6199
dewey@scanlayr.com
*Counsel for Triton Diving Services, LLC and Hedron Holdings, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served on all counsel of record via CM/ECF, e-mail and/or U.S. Mail this day, July 5, 2022.

                     /s/ Dewey Scandurro
                     DEWEY SCANDURRO