11/4/2021 5:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58880550
By: Anais Aguirre
Filed: 11/4/2021 5:45 PM

CAUSE NO. 2021-59662

| | | |
|---|---|---|
| Michael Cooper, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Triton Diving Services, LLC; | § | |
| Talos Energy, LLC; Talos Energy | § | |
| Operating Company, LLC; and | § | |
| Pharma-Safe Industrial Services, Inc. | § | |
| | § | |
| *Defendants.* | § | 11TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Michael Cooper ("Plaintiff") complains of Triton Diving Services, LLC; Talos Energy, LLC; Talos Energy Operating Company, LLC; and Pharma-Safe Industrial Services, Inc. (collectively referred to as "Defendants") and would respectfully show the Court the following:

### I.

#### JURISDICTION

1.      Plaintiff brings claims under the Jones Act and general maritime law. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Further, is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

#### VENUE

2.      Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(3) and 15.0181(c)(1) because at least one Defendant maintains a principal

place of business in this County.

## III.

### DISCOVERY LEVEL

3.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### PARTIES

4.      Plaintiff is an American seaman.

5.      Defendant Triton Diving Services, LLC is a foreign for-profit limited liability company that does a substantial amount of business in the state of Texas. This Defendant may be served through its registered agent, Eric Trosclair at 11095 Highway 308, Larose, Louisiana 70373.

6.      Defendant Talos Energy, LLC is a foreign limited-liability company with its principal place of business located in Harris County. This Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Defendant Talos Energy Operating Company LLC is a foreign limited-liability company with a principal place of business in Harris County. This Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     Defendant Pharma-Safe Industrial Services, Inc. is a foreign corporation that does a substantial amount of business in the state of Texas. This Defendant has appeared in this action and may be served through counsel of record.

## V.

## FACTS

9.     On or about August 29, 2021, Plaintiff, who is a Jones Act seaman, was employed by the Defendant Pharma-Safe and hired by Defendant Triton. At the time of the incident, Plaintiff was assigned to the *Triton Hedron* and serving as the vessel's safety man. At all relevant times, Plaintiff was a member of the crew and was contributing to the mission of the *Triton Hedron*. At all relevant times, the *Triton Hedron* was a vessel in navigation upon navigable waters.

10.     Defendants Triton and Pharma-Safe were contracted by Defendants Talos Energy, LLC and Talos Energy Operating Company, LLC ("Talos Defendants") to perform offshore drilling in the Gulf of Mexico. The *Triton Hedron* was owned, operated, and/or managed by Defendant Triton. Further, at all relevant times, the *Triton Hedron* was deployed on navigable waters, and Plaintiff was contributing to, and aiding such vessel to accomplish its mission.

11.     A few days before August 29, 2021, Plaintiff was working to perform his duties aboard the *Triton Hedron* when it became known that that the *Triton Hedron* was in the direct path of Hurricane Ida while docked in Port Fourchon, Louisiana. Knowing the threat of Hurricane Ida was imminent, the Captain of the *Triton Hedron* asked Plaintiff and other members of the crew to remain on board.

12.     Despite multiple advisory warnings that a life-threatening storm was coming,

the Captain of the *Triton Hedron* took no action to evacuate Plaintiff and other members of the

crew. Within a few hours, Hurricane Ida made landfall and the *Triton Hedron* was detached

from the port. Without power, the *Triton Hedron* drifted nearly 6 miles into the Gulf of Mexico

in the hurricane.

13.     Eventually, after going through seas of a category four hurricane and nearly

capsizing, the crew onboard were able to gain control of the vessel and make its way back to

shore.

14.     This entire event caused by Defendants' actions has caused Plaintiff physical

injuries, severe mental anguish, and emotional distress from which Plaintiff will likely never

recover from and has left him unable to work offshore again. The life threatening and

dangerous sea state caused the *Triton Hedron* to yaw and pitch uncontrollably, tossing around

Plaintiff and other members of the crew for almost three hours. As a result, Plaintiff suffered

severe mental and physical injuries, including injuries to his head, neck, back and legs. Indeed,

Plaintiff was in a zone of physical and mental danger for an extended period of time, which

has left him physically and mentally unable to work offshore or lead the normal life he had

built for himself.

**VI.**

**<u>CAUSES OF ACTION</u>**

**A. Negligence**

15.     Plaintiff hereby incorporates by reference the facts and allegations of the

preceding paragraphs and the facts set forth herein.

16.     Defendants are negligent and grossly negligent for the following reasons:

a.   failing to inspect, maintain, and repair equipment;

4

b.  failure to properly supervise its crew;

c.  failure to provide safe means in ingress and/or egress;

d.  failing to maintain a safe work environment;

e.  failing to properly train employees;

f.  failure to provide an adequate crew;

g.  failure to maintain the vessel;

h.  vicariously liable for their employees' negligence and gross negligence;

i.  issuing orders that directly placed the crew of the *Triton Hedron* in extreme danger;

j.  violating applicable Coast Guard, OSHA, and/or MMS rules;

k.  violating their own safety rules and regulations;

l.  failing to maintain safe mechanisms for work and life on the vessel; and

m.  other acts deemed negligent and grossly negligent.

17.    At all relevant times, the *Triton Hedron* was unseaworthy.

18.    As a result of said occurrence, Plaintiff sustained severe injuries, which resulted in physical impact, mental anguish, and other medical problems stemming from being in the zone of danger. Plaintiff has sustained severe discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's injuries will continue indefinitely. Plaintiff has also suffered a significant loss of earnings in the past, as well as a loss of future earning capacity. In fact, due to the severity of Plaintiff's injuries, Plaintiff's earing capacity may be eliminated altogether. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in

excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

19.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risks posed by the conditions which caused Plaintiff's injuries but made a conscious decision to not rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing the conditions at sea posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by forcing Plaintiff and others aboard to stay in the path of Hurricane Ida.

**B.  Unseaworthiness**

20.    Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

21.    At all relevant times the Defendant Triton owned and/or operated the *Triton Hedron*.

22.    At all relevant times, the *Triton Hedron* was unseaworthy. Specifically, without limiting the reasons that the *Triton Hedron* was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

23.    The unseaworthiness of the *Triton Hedron* was a direct cause of Plaintiff's injuries.

6

C.  **Failure to Pay Maintenance and Cure Against the Defendants Triton and Pharma-Safe.**

24.    Plaintiffs hereby incorporate by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

25.    As a Jones Act seaman, Plaintiff was entitled to maintenance and cure as a result of the injuries he sustained in the underlying incident. Plaintiff sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the *Triton Hedron.*

26.    Defendants Triton and Pharma-Safe have a legal duty to pay maintenance and cure to Plaintiff.

27.    Defendants Triton and Pharma-Safe have failed to pay Plaintiff's maintenance and cure. Defendants Triton and Pharma-Safe have neither not paid the owed maintenance and cure or has unreasonably and arbitrarily withheld the payment of maintenance and cure. Defendants Triton and Pharma-Safe have failed to provide Plaintiff with maintenance and cure despite knowing of Plaintiff's injuries that occurred during his work for on the *Triton Hedron* and employed by Defendants Triton and Pharma-Safe.

28.    Additionally, the Defendants Triton and Pharma-Safe's decision to not pay maintenance and cure has been unreasonably, arbitrary, and willful, and thus entitles Plaintiff to punitive damages for the Defendants failure to honor their maintenance and cure obligations.

**VII.**

**JURY TRIAL**

29.    Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

30.    Plaintiff respectfully requests a preferential trial setting pursuant to Texas Government Code, Section 23.101(a)(5) because Plaintiff is a Jones Act seaman and is entitled to a preferential trial setting under Texas law.

## VIII.

## <u>PRAYER</u>

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that each Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks monetary relief in excess of $1,000,000.00 including but not limited to:

- Compensatory damages including past and future medical expenses;

- Actual damages;

- Consequential damages;

- Economic damages for future loss of earnings;

- Past and future pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Maintenance;

- Cure;

- Punitive damages for the failure to honor maintenance and cure obligations;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Plaintiff's reasonable attorneys' fees;

- Costs of court;

- All damages mentioned and/or referred to elsewhere in the petition;

- All damages allowed under law; and

- Any other relief to which Plaintiff is entitled under law or equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

_____

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 4th day of November 2021.

*/s/ Roland Christensen*
Roland Christensen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 58880550
Status as of 11/5/2021 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew Hayward Ammerman | 24001649 | mha@MaritimeDefense.net | 11/4/2021 5:45:35 PM | SENT |
| Roland Christensen | | rchristensen@arnolditkin.com | 11/4/2021 5:45:35 PM | SENT |
| Caj Boatright | | cboatright@arnolditkin.com | 11/4/2021 5:45:35 PM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 11/4/2021 5:45:35 PM | SENT |
| Kurt Arnold | | e-service@arnolditkin.com | 11/4/2021 5:45:35 PM | SENT |