9/30/2021 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57765073
By: Maria Rodriguez
Filed: 9/30/2021 3:45 PM

CAUSE NO. _____

| | | |
|---|---|---|
| Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, and Darren Walker, § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* § § | |
| v. § § § | HARRIS COUNTY, TEXAS |
| Triton Diving Services, LLC; Talos Energy, LLC; Talos Energy Operating Company, LLC; and C&G Welding, Inc., § § § § § § | |
| *Defendants.* § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Roberto Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, and Darren Walker (collectively "Plaintiffs") complain of Triton Diving Services, LLC; Talos Energy, LLC; Talos Energy Operating Company, LLC; and C&G Welding, Inc. (collectively referred to as "Defendants") and would respectfully show the Court the following:

### I.

### JURISDICTION

1. Plaintiffs brings claims under the Jones Act and general maritime law. This Court has jurisdiction under the Savings to Suitors clause as Plaintiffs are seamen under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Further, is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### VENUE

2. Venue is proper in this County pursuant to Texas Civil Practice and Remedies

Code § 15.002(a)(3) and 15.0181(c)(1) because at least one Defendant maintains a principal place of business in this County.

## III.

### DISCOVERY LEVEL

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### PARTIES

4. Plaintiff Roberto Quezada is an American seaman.

5. Plaintiff Carlos Quezada is an American seaman.

6. Plaintiff Andres Corona is an American seaman.

7. Plaintiff Lamarr Lewis is an American seaman.

8. Plaintiff Derek Walker is an American seaman.

9. Defendant Triton Diving Services, LLC is a foreign for-profit limited liability company that does a substantial amount of business in the state of Texas. This Defendant may be served through its registered agent. Eric Trosclair at 11095 Highway 308, Larose, Louisiana 70373.

10. Defendant Talos Energy, LLC is a foreign limited-liability company with its principal place of business located in Harris County. This Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant Talos Energy Operating Company LLC is a foreign limited-liability company with a principal place of business in Harris County. This Defendant may be served

2

through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

12. Defendant C&G Welding, Inc. is a foreign corporation that does a substantial amount of business in the state of Texas. This Defendant may be served with process through its registered agent Curtis J. Callais, Jr. at 5551 Hwy. 311, Houma, Louisiana 70360.

## V.

### FACTS

13. On or about August 29, 2021, Plaintiffs, who are Jones Act seamen, were employed by the Defendant C&G Welding and hired by Defendant Triton. At the time of the incident, Plaintiffs were assigned to the *Triton Hedron* and serving as the vessel's welding crew. At all relevant times, Plaintiffs were members of the crew and were contributing to the mission of the *Triton Hedron*. At all relevant times, the *Triton Hedron* was a vessel in navigation upon navigable waters.

14. Defendants Triton and C&G Welding were contracted by Defendants Talos Energy, LLC and Talos Energy Operating Company, LLC ("Talos Defendants") to perform offshore drilling in the Gulf of Mexico. The *Triton Hedron* was owned, operated, and/or managed by Defendant Triton. Further, at all relevant times, the *Triton Hedron* was deployed on navigable waters, and Plaintiffs were contributing to, and aiding such vessel to accomplish its mission.

15. A few days before August 29, 2021, Plaintiffs were working to perform their duties aboard the *Triton Hedron* when it became known that that the *Triton Hedron* was in the direct path of Hurricane Ida while docked in Port Fourchon, Louisiana. Knowing the threat of Hurricane Ida was imminent, the Captain of the *Triton Hedron* asked Plaintiffs and other

members of the crew to remain on board. Plaintiffs and other members of the crew were informed the United States Coast Guard had been called to rescue the crew from the *Triton Hedron* and were told to wait on the bottom floor of the vessel.

16. Despite multiple advisory warnings that a life-threatening storm was coming, the Captain of the *Triton Hedron* took no action to evacuate Plaintiffs and other members of the crew. Within a few hours, Hurricane Ida made landfall and the *Triton Hedron* was detached from the port. Without power, the *Triton Hedron* drifted nearly 6 miles into the Gulf of Mexico in the hurricane.

17. Eventually, after going through seas of a category four hurricane and nearly capsizing, the crew onboard were able to gain control of the vessel and make its way back to shore.

18. Plaintiff Roberto Quezada fell and hit a wall as the *Triton Hedron* rocked, and several other crew members fell on top of him.

19. Plaintiff Carlos Quezada fell onto a refrigerator as the *Triton Hedron* rocked.

20. Plaintiff Andres Corona fell into the wall as the *Triton Hedron* rocked, and several heavy tools fell off the wall and onto him.

21. Plaintiff Lamarr Lewis got pinched between an A/C unit and the bulkhead as the *Triton Hedron* rocked.

22. Plaintiff Darren Walker was hit by a forklift as the *Triton Hedron* rocked in the storm surges.

23. This entire event caused by Defendants' actions has caused Plaintiffs physical injuries, severe mental anguish, and emotional distress from which Plaintiffs will likely never recover from and have left them unable to work offshore again. The life threatening and

dangerous sea state caused the *Triton Hedron* to yaw and pitch uncontrollably, tossing around Plaintiffs and other members of the crew for almost three hours. As a result, Plaintiffs suffered severe mental and physical injuries, including injuries to their head, neck, back, legs, and other parts of their bodies. Indeed, Plaintiffs were in a zone of physical and mental danger for an extended period of time, which has left them physically and mentally unable to work offshore or lead the normal life they had built for themselves.

## VI.

### CAUSES OF ACTION

**A. Negligence**

24. Plaintiffs hereby incorporate by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

25. Defendants are negligent and grossly negligent for the following reasons:

   a. failing to inspect, maintain, and repair equipment;

   b. failure to properly supervise its crew;

   c. failure to provide safe means in ingress and/or egress;

   d. failing to maintain a safe work environment;

   e. failing to properly train employees;

   f. failure to provide an adequate crew;

   g. failure to maintain the vessel;

   h. vicariously liable for their employees' negligence and gross negligence;

   i. issuing orders that directly placed the crew of the *Triton Hedron* in extreme danger;

   j. violating applicable Coast Guard, OSHA, and/or MMS rules;

    k. violating their own safety rules and regulations;

    l. failing to maintain safe mechanisms for work and life on the vessel; and

    m. other acts deemed negligent and grossly negligent.

  26. At all relevant times, the *Triton Hedron* was unseaworthy.

  27. As a result of said occurrence, Plaintiffs sustained severe injuries, which resulted in physical impact, mental anguish, and other medical problems stemming from being in the zone of danger. Plaintiffs have sustained severe discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' injuries will continue indefinitely. Plaintiffs have also suffered a significant loss of earnings in the past, as well as a loss of future earning capacity. In fact, due to the severity of Plaintiffs' injuries, Plaintiffs' earing capacity may be eliminated altogether. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

  28. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs' health and safety. Defendants were subjectively aware of the extreme risks posed by the conditions which caused Plaintiffs' injuries but made a conscious decision to not rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing the conditions at sea posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk,

and consciously disregarded such risk by forcing Plaintiffs and others aboard to stay in the path of Hurricane Ida.

### B. Unseaworthiness

29. Plaintiffs hereby incorporate by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

30. At all relevant times the Defendant Triton owned and/or operated the *Triton Hedron*.

31. At all relevant times, the *Triton Hedron* was unseaworthy. Specifically, without limiting the reasons that the *Triton Hedron* was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

32. The unseaworthiness of the *Triton Hedron* was a direct cause of Plaintiffs' injuries.

### C. Failure to Pay Maintenance and Cure Against the Defendants Triton and C&G Welding.

33. Plaintiffs hereby incorporate by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

34. As Jones Act seamen, Plaintiffs were entitled to maintenance and cure as a result of the injuries they sustained in the underlying incident. Plaintiffs sustained their injuries while in the course of serving the vessel in their capacity as a Jones Act seaman assigned to the *Triton Hedron*.

35. Defendants Triton and C&G Welding have a legal duty to pay maintenance and cure to Plaintiffs.

36. Defendants Triton and C&G Welding have failed to pay Plaintiffs' maintenance and cure. Defendants Triton and C&G Welding have neither not paid the owed maintenance and cure or have unreasonably and arbitrarily withheld the payment of maintenance and cure. Defendants Triton and C&G Welding have failed to provide Plaintiffs with maintenance and cure despite knowing of Plaintiffs' injuries that occurred during their work on the *Triton Hedron* and employed by Defendants Triton and C&G Welding.

37. Additionally, the Defendants Triton and C&G Welding's decision to not pay maintenance and cure has been unreasonable, arbitrary, and willful, and thus entitles Plaintiffs to punitive damages for the Defendants' failure to honor their maintenance and cure obligations.

## VII.

### JURY TRIAL

38. Plaintiffs hereby request a trial by jury on all claims and submit their jury fee herewith.

39. Plaintiffs respectfully request a preferential trial setting pursuant to Texas Government Code, Section 23.101(a)(5) because Plaintiffs are Jones Act seamen and are entitled to a preferential trial setting under Texas law.

## VIII.

### PRAYER

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that each Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all

costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs affirmatively state that they seek monetary relief in excess of $1,000,000.00 including but not limited to:

- Compensatory damages including past and future medical expenses;
- Actual damages;
- Consequential damages;
- Economic damages for future loss of earnings;
- Past and future pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Maintenance;
- Cure;
- Punitive damages for the failure to honor maintenance and cure obligations;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- Costs of court;
- All damages mentioned and/or referred to elsewhere in the petition;
- All damages allowed under law; and
- Any other relief to which Plaintiff is entitled under law or equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*
_____

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 57765073
Status as of 9/30/2021 4:02 PM CST

Associated Case Party: Robert Quezada

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kurt Arnold | | e-service@arnolditkin.com | 9/30/2021 3:45:31 PM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 9/30/2021 3:45:31 PM | SENT |
| Caj Boatright | | cboatright@arnolditkin.com | 9/30/2021 3:45:31 PM | SENT |
| Roland Christensen | | rchristensen@arnolditkin.com | 9/30/2021 3:45:31 PM | SENT |