UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: HEDRON HOLDINGS, LLC, et al.                CIVIL ACTION

                                                                                           NO: 22-205 c/w 21-2295

                                                                                           SECTION: T(1)

## ORDER

Before the Court is a Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages (R. Doc. 53) filed by Mark Adkins, Michael Cooper, Andres Corona, Nero Davis, Lamarr Lewis, Peter Little, Grant Luke, Ronnie Matherne, Jeremy McGuire, Stefan Mueller, Bobby Nelton, Evan Plybon, Carlos Quezada, Roberto Quezada, Sean Varnado, and Darren Walker (hereinafter, "Injury Claimants"). Arena Energy LLC, Certain Underwriters at Lloyd's London, Chevron Pipe Line Co, Cox Operating, L.L.C., EPL Oil & Gas, LLC, Energy XXI GOM, LLC, Hedron Holdings, LLC, Pharma-Safe Industrial Services, Inc., Talos Energy LLC, Talos Energy Operating Company LLC, Talos Production Inc., and Triton Diving Services, LLC, have filed an opposition (R. Doc. 57). The Injury Claimants have filed a reply in support of their motion. R. Doc. 65. For the following reasons, the Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages (R. Doc. 53) is **GRANTED.**

## BACKGROUND

This matter arises out of an incident during Hurricane Ida when the D/B EPIC HEDRON was detached from port with the Injury Claimants on board. Eventually the vessel's storm anchor engaged, but the anchor had allegedly dragged across pipelines and property of other claimants

1

(the "Property Claimants"). After being adrift during the storm, the vessel made its way back to port. Eventually, one Injury Claimant filed suit in the 11th Judicial District for Harris County, Texas. That suit was removed to the United States District Court for the Southern District of Texas. Another Injury Claimant field suit in the 270th Judicial District in Harris County, Texas, which suit was also removed to the United States District Court for the Southern District of Texas. Other Injury Claimants also sued in Texas state courts, which suits were removed to the Southern District of Texas. Finally, at least two Injury Claimants filed their claims in the limitation action filed by the vessel owner, Hedron Holdings, LLC, in the Eastern District of Louisiana. All suits were stayed by order of this Court pending the limitation action. R. Doc. 3.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize."[1] The rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court.[2] Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b).[3] "[S]eparate trials should be the exception, not the rule."[4] Indeed, "the Fifth Circuit has ... cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it

---

[1] Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).
[2] *See Conkling*, 18 F.3d at 1293; *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial ... is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis.").
[3] *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. Aug. 2019 update).
[4] *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed.").

alone may be had without injustice.'"[5] In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate.[6]

The Court finds that bifurcating the trial is appropriate pursuant to Rule 42(b) because bifurcation will be more convenient, will prevent prejudice, and will expedite and economize judicial resources. The limitation proceedings require the Court to determine first whether shipowner liability exists, and second, whether the shipowner had privity or knowledge of relevant acts of negligence or unseaworthiness.[7] These questions require an inquiry more limited than the inquiry involved in a trial requiring the assessment of multiple parties' damages claims for both injury and property damages. The issues related to liability will overlap across the limitation proceeding. However, the issue of damages, for both Injury Claimants and Property Claimants, will involve separate questions and will require distinct evidence by each Claimant. Once the Court resolves the limitation issues, the need for trial on damages may be eliminated or reduced. Finally, bifurcation will help to avoid prejudice by preserving the claimants' ability to seek a jury trial on damages if limitation is denied.[8] Therefore, the Court will try the issues of liability, limitation, and apportionment of fault in a bench trial, and will bifurcate the issues of damages.[9]

---

[5] *Laitram*, 791 F. Supp. at 115 (alteration in original) (*quoting Swofford v. B & W, Inc*., 336 F.2d 406, 415 (5th Cir. 1964)).

[6] *See Laitram,* 791 F. Supp. at 114-15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").

[7] *See Cupit v. McClanahan Contractors, Inc.,* 1 F.3d 346, 348 (5th Cir. 1993); see also 46 U.S.C. § 30505 (permitting vessel owners without "privity or knowledge" to limit liability to "the value of the vessel and pending freight").

[8] *See Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) (noting claimants' "apprehension that ... [they] will be irrevocably denied their right to jury trials," but stating that "the admiralty court in its decree denying the right to limitation can make certain that [claimants] are free to pursue the petitioner in any other forum having requisite jurisdiction").

[9] *See and compare In the Matter of Jack'd Up Charters, LLC*, No. 22-4535, 2023 WL 4405121 (E.D. La. July 6, 2023), and *Ingram Barge Company, LLC v. Caillou Island Towing Company, Inc.*, No. 21-261, 2022 WL 952257 (E.D. La. March 29, 2022).

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Bifurcate (R. Doc. 53) is **GRANTED.**

**New Orleans, Louisiana**, on this  29th   day of September 2023.

*[signature: Greg Gerard Guidry]*

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**