# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: HEDRON HOLDINGS, LLC, ET AL. | CIVIL ACTION |
| | NO. 22-205 c/w NO. 21-2295 |
| | SECTION "O" |

## ORDER AND REASONS

Before the Court in this limitation-of-liability action is the opposed motion[1] of Limitation Petitioners Hedron Holdings, LLC and Triton Diving Services, LLC, as owners of the D/B EPIC HEDRON, to clarify and reconsider Judge Guidry's order and reasons[2] granting the Personal Injury Claimants'[3] opposed motion[4] to bifurcate issues of exoneration from and limitation of liability from issues of damages.[5]

First, Limitation Petitioners ask the Court to clarify one part of Judge Guidry's order and reasons on bifurcation.[6] Their question: If the Court denies limitation, will the Personal Injury Claimants' damages claims be tried in this Court or in a state court of the Personal Injury claimants' choosing? The latter. In no uncertain terms, the Personal Injury Claimants moved Judge Guidry to bifurcate proceedings such that, if limitation is denied, "[a]ll remaining issues" as to the Personal Injury Claimants would be "tried to a state court jury."[7] Judge Guidry granted the Personal

---

[1] ECF No. 126.
[2] ECF No. 110.
[3] The "Personal Injury Claimants" are Evan Plybon, Michael Cooper, Mark Adkins, Sean Varnado, Robert Quezada, Carlos Quezada, Andres Corona, Lamarr Lewis, Darren Walker, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobby Nelton, and Jeremy McGuire.
[4] ECF No. 53.
[5] The underlying facts are recounted in Judge Guidry's order and reasons granting Plaintiffs' motion to bifurcate; the Court need not re-state them here. *See* ECF No. 110.
[6] ECF No. 126-1 at 1–5.
[7] ECF No. 53 at 1.

Injury Claimants' motion in full.[8] So Judge Guidry's order and reasons necessarily contemplates state-court trials on the Personal Injury Claimants' damage claims if limitation is denied—the precise relief the motion that he granted asked for.

To erase any doubt, three of the cases Judge Guidry cited in his analysis confirm that he intended to allow the Personal Injury Claimants to seek damages in state court if—and only if—limitation is denied.[9] First, the quoted passage of *Pershing* recognizes that a federal court sitting in admiralty "can make certain that" claimants "are free to pursue the petitioner in any other forum having requisite jurisdiction." 279 F.2d at 552. Second, *In re Jack'd Up Charters* allowed a personal-injury claimant to "return to the forum of his choice, if the Court denies limitation[.]" 681 F. Supp. 3d at 568. Finally, *Ingram Barge* allowed a personal-injury claimant "to seek damages in state court only if limitation is denied." 2022 WL 952257, at *4. Because each of the cases on which Judge Guidry principally relied recognizes that a personal-injury claimant is free to seek damages in state court if limitation is denied, the Court considers it clear that Judge Guidry's order and reasons allows the Personal Injury Claimants to try their damages claims in state court *if* limitation is denied. No more clarification is needed. So the Court denies the motion to clarify.

---

[8] ECF No. 110.

[9] *See* ECF No. 110 at 3 n.8 (quoting *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (5th Cir. 1960); *id.* at n.9 (first citing *In re Jack'd Up Charters LLC*, 681 F. Supp. 3d 560 (E.D. La. 2023) (Brown, C.J.); and then citing *Ingram Barge Co. v. Caillou Island Towing Co.*, No. 21-CV-261, 2022 WL 952257 (E.D. La. Mar. 30, 2022) (Fallon, J.)).

Next, the Limitation Petitioners ask the Court to reconsider Judge Guidry's discretionary decision to bifurcate issues of exoneration from and limitation of liability from issues of damages under Federal Rule of Civil Procedure 42(b).[10]

The Court evaluates the Limitation Petitioners' motion for reconsideration under Rule 54(b) because it asks the Court to reconsider an interlocutory decision. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). Judge Guidry's order and reasons on bifurcation is interlocutory "because it did not end the action[.]" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). It "adjudicate[d] fewer than all the claims [and] the rights and liabilities of fewer than all the parties" to this multi-party limitation-of-liability case. FED. R. CIV. P. 54(b).

"Under Rule 54(b), the [Court] is free to reconsider and reverse" Judge Guidry's order and reasons on bifurcation "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation and citation omitted). Sections of this Court have said that "the precise standard" governing Rule 54(b) motions to reconsider interlocutory orders "is unclear." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.); *accord, e.g.*, *Bernard v. Grefer*, No. 14-CV-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.). What is clear, however, is that Rule 54(b) reconsideration is "within the [Court's] broad discretion." *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (Vance, J.).

---

[10] ECF No. 126 at 7–20.

To be sure, Rule 54(b) reconsideration is "more flexible" and less exacting than Rule 59(e) reconsideration. *See Austin*, 864 F.3d at 337. But the Court "look[s] to similar considerations" under both Rule 54(b) and Rule 59(e). *Koeppel*, 608 F. Supp. 3d at 402 (quotation and citations omitted). For example, like a Rule 59(e) motion, a Rule 54(b) motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

Beyond Rule 54(b), the law-of-the-case doctrine informs motions for reconsideration where, as here, "one judge has rendered an order or judgment and the case is then transferred to another judge." *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997). That doctrine requires the Court to "show deference to decisions" that Judge Guidry has "already made" in this case. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). Of course, the doctrine does not "prevent" the Court "from reconsidering" Judge Guidry's "prior rulings." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010). After all, "when a successor judge replaces another judge, the successor judge has the same discretion as the first judge to reconsider the first judge's order." *Stoffels*, 677 F.3d at 728 (quotation, citation, and alterations omitted). "In exercising that discretion," however, the Court "should[ ] . . . carefully and respectfully consider the conclusions of [Judge Guidry] before deciding to overturn them." *Id.* (citations omitted).

Here, the Limitation Petitioners have not carried their Rule 54(b) burden to persuade the Court to exercise its "broad discretion," *Koeppel*, 608 F. Supp. 3d at 402, to reconsider Judge Guidry's own considered, discretionary decision to bifurcate the issues of exoneration from and limitation of liability from the issue of damages.

Rule 42(b) empowered Judge Guidry to "order a separate trial" of those issues "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" FED. R. CIV. P. 42(b). As "courts have repeatedly emphasized," Judge Guidry's decision to bifurcate was "committed to [his] sound discretion[.]" *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) (Feldman, J.). Exercising that "sound discretion," *id.*, Judge Guidry found bifurcation "appropriate . . . because bifurcation will be more convenient, will prevent prejudice, and will expedite and economize judicial resources."[11] He stood on firm footing in so finding. Sections of this Court routinely bifurcate issues of exoneration from and limitation of liability from issues of damages in limitation actions like this one.[12] So do district courts in nearby districts.[13] After "reviewing the case law," one such court observed that the apparent

---

[11] ECF No. 110 at 3.

[12] *See, e.g.*, *In re Jack'd Up Charters*, 681 F. Supp. 3d at 567–68 (Brown, C.J.); *Ingram Barge Co.*, 2022 WL 952257, at *4 (Fallon, J.); *Intracoastal Tug & Barge Co. v. Magnolia Fleet, LLC*, No. 23-CV-5859, 2024 WL 3639540, at *3–4 (E.D. La. Aug. 2, 2024) (Lemelle, J.); *S. Oil of La., LLC v. All. Offshore L.L.C.*, No. 21-CV-2337, No. 22-CV-127, 2023 WL 3119919, at *4 (E.D. La. Apr. 27, 2023) (Currault, M.J.); *In re Diamond B. Indus., LLC*, No. 2022 WL 4608140, at *3 (E.D. La. Sept. 30, 2022) (Vance, J.); *Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. 19-CV-10525, 2020 WL 1889123, at *3–4 (E.D. La. Apr. 16, 2020) (Vance, J.); *In re Suard Barge Servs.*, No. 96-CV-3185, 1997 WL 358128, at *2–3 (E.D. La. June 26, 1997) (Vance, J.); *In re Complaint of Bergeron Marine Serv., Inc.*, No. 93-CV-1845, 1994 WL 236374, at *1–2 (E.D. La. May 24, 1994) (Schwartz, J.).

[13] *See, e.g.*, *In re Aries Marine Corp.*, No. CV 24-96, 2024 WL 3181446, at *3 (M.D. La. June 26, 2024); *In re Orion Marine Constr., Inc. v. All Potential Claimants*, No. 2:21-CV-4, 2021 WL 2779115, at *5 (S.D. Tex. July 2, 2021); *In re Chester J. Marine, LLC*, 2021 WL 2661949, at *8 (M.D. La. June 29, 2021); *Odfjell Chem. Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 795–96 (S.D. Tex. 2020); *In re Double C. Marine LLC*, No. 6:14-CV-02273, 2019 WL 1495754, at *3 (W.D. La. Apr. 3, 2019); *In re Miss. Limestone Corp.*, 2010 WL 4174631, at *3–4 (N.D. Miss. Oct. 7, 2010).

"preferred approach" of district courts in this Circuit "is to decide the limitation issues and then allow claimants to return to state court if they so desire." *In re Athena Constr., LLC*, No. 06-CV-2004, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007).

The Limitation Petitioners offer two principal counterarguments. Neither persuades. First, the Limitation Petitioners contend that bifurcating the issues of exoneration and limitation from the issue of damages clashes with their rights under the Limitation of Liability Act.[14] But it does no such thing. The Personal Injury Claimants do not ask to proceed in state court before limitation is decided; nor do the Personal Injury Claimants threaten the Court's exclusive jurisdiction over limitation issues. As other sections of this Court have repeatedly recognized, the Court can properly protect the Limitation Petitioners' rights under the Limitation of Liability Act by trying limitation first and freeing the Personal Injury Claimants to seek damages in state court *only* if limitation is denied. *Accord, e.g.*, *In re Jack'd Up Charters*, 681 F. Supp. 3d at 567; *In re Diamond B. Indus.*, 2022 WL 4608140, at *3; *Ingram Barge*, 2022 WL 952257, at *4; *S. Oil of La.*, 2023 WL 3119919, at *4 n.21.

Second, the Limitation Petitioners ask for a re-do of the Rule 42(b) analysis Judge Guidry has already done.[15] The Court declines the invitation. The Rule 42(b) arguments the Limitation Petitioners make in their reconsideration briefing are substantially similar to the Rule 42(b) arguments they made in their brief in opposition to the Personal Injury Claimants' motion to bifurcate.[16] Judge Guidry

---

[14] *See* ECF No. 126-1 at 7–15.
[15] *Id.* at 15–19.
[16] *See generally* ECF No. 57.

6

considered and rejected those arguments in his "sound discretion." *Laitram Corp.*, 791 F. Supp. at 114. This Rule 54(b) motion is "not the proper vehicle" for "rehashing" those arguments. *Koeppel*, 608 F. Supp. 3d at 402 *(*quotation and citation omitted).

* * *

In sum, the Limitation Petitioners have not met their burden to persuade the Court to exercise its "broad discretion," *Koeppel*, 608 F. Supp. 3d at 402, under Rule 54(b) to hold that Judge Guidry abused his own "sound discretion," *Laitram Corp.*, 791 F. Supp. at 114, in ordering bifurcation of the issues of exoneration from and limitation of liability from the issue of damages. The Court therefore declines to disturb Judge Guidry's considered decision to adopt the "preferred approach" of this Circuit's district courts. *In re Athena Constr., LLC*, 2007 WL at *6.

Accordingly,

**IT IS ORDERED** that the Limitation Petitioners' motion[17] for clarification and reconsideration of Judge Guidry's order and reasons granting the Personal Injury Claimants' motion to bifurcate is **DENIED**.

New Orleans, Louisiana, this 25th day of February, 2025.

_____<br>
BRANDON S. LONG<br>
UNITED STATES DISTRICT JUDGE

---

[17] ECF No. 126.